IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | )   NO.  3:21-CR-226-M |
| | ) |
| RAYSHUN JACKSON | ) |

### ORDER

By *Special Order 3-251*, before the Court is the *Government's Motion to Revoke Defendant's Pre-Trial Release,* filed March 31, 2022 (doc. 51).  Rayshun Jackson (Defendant) appeared in person and through counsel on April 26, 2022, for a determination of whether his conditions of pretrial release should be revoked.  Based on the evidence, oral argument and applicable law, the motion is **DENIED**.

### I.

On April 8, 2021, Defendant was charged by complaint with money laundering in violation of 18 U.S.C. § 1956(a)(3).  (*See* doc. 1.)  He was arrested and made his initial appearance on April 16, 2021, and after the government's oral motion to withdraw its motion for detention was granted, he was ordered released on conditions of pretrial release by *Order Setting Conditions of Release* on that date.  (*See* docs. 3, 5, 7.)  One of Defendant's conditions of pretrial release was that he not violate any federal, state or local law while on release.  (*See* doc. 7.) [1]

On March 18, 2022, the pretrial services officer filed a *Report of Violation of Conditions of Pretrial Release*, stating that his office had been notified by the United States Attorney's Office on March 15, 2022, that the defendant had committed a violation of Section 38.123 of the Texas Penal

---

[1] Defendant was later charged with the same offense in a multi-count indictment; he has since entered a plea of guilty to a superseding information charging him with conspiracy to commit money laundering and is awaiting sentencing.  (*See* docs. 12, 22, 23, 25, 29, 30.)

Code by engaging in the unauthorized practice of law. (*See* doc. 44.) An *Amended Report of Violation of Conditions of Pretrial Release*, filed on March 21, 2022, stated that the United States Attorney's Office also alleged that the defendant had committed a violation of Section 38.122 of the Texas Penal Code by falsely holding himself out as a lawyer. (*See* doc. 46.) At a hearing on March 24, 2022, it became clear that the pretrial services officer in this case had no information, evidence or knowledge concerning the alleged violation other than what had been provided by the Government. Accordingly, it was ordered to file a motion to revoke pretrial release in support of its contentions. It filed its motion on March 31, 2022.

## II.

A defendant's bond and release may be revoked pursuant to 18 U.S.C. § 3148(b) after a hearing if a judicial officer

(1) finds that there is –

(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

(B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that –

(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
(B) the person is unlikely to abide by any condition or combination of conditions of release.

A finding of probable cause to believe that the defendant committed a felony creates a rebuttable presumption that no condition or combination of conditions of release will assure that the person will not flee or pose a danger to the safety of any other person or the community. *Id.*

2

Although it clearly demonstrates that he violated a Texas Supreme Court order, the Court cannot conclude based on the record before it that the evidence is sufficient to support a finding of probable cause to believe that Defendant violated his conditions of pretrial release by committing a state or local crime for purposes for purposes of § 3148(b)(1)(A), as required for purposes of revoking his pretrial release. By making this finding for this limited purpose based on the record currently before it, the Court takes no position on whether a violation of state law occurred. That determination appears best left to the appropriate state authorities.

### III.

The government's motion to revoke Defendant's conditions of release is **DENIED**.

Signed this 28th day of April, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE